Dear Mr. Dozier:
Your opinion request of August 17, 1977, has been assigned to me for reply.
In that request you state the Town of Farmerville was recently reapportioned and divided into single member districts for local government purposes. The town council passed an ordinance amending the special charter of Farmerville to provide for the election of aldermen by district. The ordinance further states that each member of the council must have resided in the district thirty days prior to qualifying. You ask if an alderman automatically vacates his office upon moving from one district to another.
As you correctly stated in your request, Article VIII, Section 13 of the 1921 LOUISIANA Constitution, which provided that an alderman's office would become vacant should the incumbent move from the district or ward from which he was elected, was not carried forward in the 1974 constitution.
The only applicable constitutional provision at this time is Article X, Section 28 of the 1974 LOUISIANA Constitution which defines a vacancy as follows:
 `A vacancy, as used in this constitution, shall occur in the event of death, resignation, removal by any means, or failure to take office for any reason.'
The Second Circuit Court of Appeals construed this provision in Williamson v. Village of Baskin, 339 So.2d 474, writs denied 341 So.2d 1126. The Court said, `The fact of change of residence may, ipso facto, automatically give grounds for having an office declared vacated and the officer removed, but it cannot be said that the office is vacated until such is declared by a court or other authorized official or governing body.'
The special charter of Farmerville obviously does not provide for the situation of an alderman moving from the district from which he was elected.
In such an instance, this office is of the opinion a court would probably follow Williamson v. Village of Baskin, supra, and hold the office is not automatically vacated. The town council, however, could declare the office vacant.
I have enclosed copies of several recent opinions regarding this matter.
Although most of these opinions are to Lawrason Act municipalities, they may be of some help to you.
If we can be of further assistance, please contact us.
Sincerely,
 William J. Guste, Jr. Attorney General for State of LOUISIANA
 By: Tommy D. Teague Staff Attorney